# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| BRENT EDWARD RENEAU, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3413 |
| | § | |
| DOUG DRETKE, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM ON DISMISSAL

Petitioner, Brent Edward Reneau, brings this application for habeas corpus relief under 28 U.S.C. § 2254. The Petitioner is in the custody of the Texas Department of Criminal Justice-Correctional Institutions Division serving a sentence for a DWI conviction. Petitioner does not contest the constitutionality of his state court conviction. Petitioner challenges the decision of the Texas Board of Pardons and Paroles (Board) to rescind his previously granted parole release. Petitioner asserts that the Board gave him a parole release date and they later rescinded the date without proper and fair notice.

A prisoner's due process rights apply only to certain liberty interests, including those which a state may create. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). An inmate has no constitutional right to be released prior to the expiration of his sentence. *See Greenholtz v. Inmates of the Nebraska Penal and Correctional*

*Complex*, 442 U.S. 1, 7 (1979). Whether a prisoner has a constitutionally protected interest in being paroled depends on the language of the state statute in question, and the mere possibility that he might be released on parole does not itself suffice to create such an interest. *See id.*, at 10-11. The Texas parole statute, article 42.12, TEX. CODE CRIM. PROC. (Vernon 1979), now codified at TEX. GOV'T CODE § 508.145 (Vernon Supp. 2000), did not create a constitutionally protected expectancy of release. *See Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir.), *cert. denied*, 454 U.S. 854 (1981).

The Texas parole statute has been amended. However, in its current form, the statute contains similar language which does not create a constitutionally protected expectancy of release. More recently, the United States Court of Appeals for the Fifth Circuit has held that Texas statutes do not create a liberty interest in parole release. *See Johnson v. Rodriguez*, 110 F.3d 299, 305 (5th Cir. 1997). Therefore, Petitioner has no liberty interest protected by the Due Process Clause. *Sandin*, 515 U.S. at 486.

Petitioner cites *Sexton v. U.S.*, 352 F.Supp. 147 (N.D. Tex. 1972) for the proposition that a prospective parolee who has been approved for parole is entitled to minimal due process safeguards. The *Sexton* opinion does say this. However, the Fifth Circuit reversed the district court stating: "[w]e hold that Sexton was not entitled to a hearing since the process of obtaining parole had never reached completion and the due process protections of *Morrisey v. Brewer*, applicable to revocation, were not

applicable." *Sexton v. Wise*, 494 F.2d 1176, 1177 (5th Cir. 1974).

The federal courts are authorized to dismiss federal habeas petitions without ordering a response where it appears that the petitioner is not entitled to relief. 28 U.S.C. § 2243. Petitioner's habeas petition fails to state a claim upon which relief may be granted.

Accordingly, it is ORDERED that this action be DISMISSED for failure to state a claim upon which relief may be granted and as frivolous. Petitioner's Application to Proceed *in Forma Pauperis* (Docket Entry No. 3) is GRANTED.

This Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. The issues raised here are not debatable among jurists of reason, could not be resolved in a different manner, and do not deserve encouragement to proceed further. *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). This Court finds that a Certificate of Appealability should not issue.

SIGNED at Houston, Texas, on this 6th day of October, 2005.

*David Hittner*

_____

DAVID HITTNER

United States District Judge